IN THE CIRCUIT COURT FOR Prince George's County (CC)
City/County

# CIVIL – NON-DOMESTIC CASE INFORMATION REPORT

**DIRECTIONS**

***Plaintiff:*** This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Justice of the Supreme Court of Maryland pursuant to Rule 2-111(a).
***Defendant:*** You must file an Information Report as required by Rule 2-323(h).

***THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING***

**FORM FILED BY:** ☒ PLAINTIFF ☐ DEFENDANT CASE NUMBER C-16-CV-26-003519 (Clerk to insert)

**CASE NAME:** STEVEN MORRISON (Plaintiff) vs. BURLINGTON STORES, INC. OF MD (Defendant)

PARTY'S NAME: Steven Morrison PHONE: (301) 856-3090

PARTY'S ADDRESS: 8918 Goldfield Place Clinton, MD 20735

PARTY'S E-MAIL:

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Andre Hammel PHONE: (240) 393-4935

PARTY'S ATTORNEY'S ADDRESS: 9701 Apollo Drive, Suite 100, Largo, MD 20774

PARTY'S ATTORNEY'S E-MAIL: Andre.Hammel@hamlawus.com

**JURY DEMAND?** ☒ Yes ☐ No

**RELATED CASE PENDING?** ☐ Yes ☒ No If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** ____ hours 1 days

**PLEADING TYPE**

**New Case:** ☒ Original ☐ Administrative Appeal ☐ Appeal

**Existing Case:** ☐ Post-Judgment ☐ Amendment

***If filing in an existing case,*** skip Case Category/Subcategory section – go to Relief section.

**IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)**

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Child Victims Act
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint – DOB of Youngest Plt:
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☒ Negligence
☐ Nuisance
☒ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud
☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property/ Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Worker's Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance
☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. – Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

DEFENDANT'S EXHIBIT 1



## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☐ Court Costs/Fees
- ☐ Damages-Compensatory
- ☐ Damages-Punitive
- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☐ Financial Exploitation
- ☐ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☐ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☐ Judgment-Declaratory
- ☐ Judgment-Default
- ☐ Judgment-Interest
- ☐ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment
- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated* ***Liability*** *above,* mark one of the following. This information is <u>not</u> an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded. ☐ Liability is not conceded, but is not seriously in dispute. ☒ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000 ☐ $10,000 - $30,000 ☒ $30,000 - $100,000 ☐ Over $100,000

☐ Medical Bills $ ____________ ☐ Wage Loss $ ____________ ☐ Property Damages $ ____________

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation ☒ Yes ☐ No
B. Arbitration ☐ Yes ☐ No
C. Settlement Conference ☒ Yes ☐ No
D. Neutral Evaluation ☐ Yes ☐ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated* ***LENGTH OF TRIAL.***

***(Case will be tracked accordingly)***

- ☐ 1/2 day of trial or less
- ☒ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☐ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

***For all jurisdictions,*** *if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited -** Trial within 7 months of Defendant's response

☒ **Standard -** Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

**COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)**

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

❒ **Expedited -** Trial within 7 months of Defendant's response

❒ **Standard -** Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

**CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)**

| | |
|---|---|
| ❒ Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ❒ Civil-Short | Trial 210 days from first answer. |
| ❒ Civil-Standard | Trial 360 days from first answer. |
| ❒ Custom | Scheduling order entered by individual judge. |
| ❒ Asbestos | Special scheduling order. |
| ❒ Lead Paint | Fill in: Birth Date of youngest plaintiff ______________ . |
| ❒ Tax Sale Foreclosures | Special scheduling order. |
| ❒ Mortgage Foreclosures | No scheduling order. |

**CIRCUIT COURT FOR BALTIMORE COUNTY**

| | |
|---|---|
| ❒ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ❒ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ❒ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ❒ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

June 9, 2026
Date

9701 Apollo Drive, Suite 100
Street Address

Largo | MD | 20774
City | State | Zip Code

/s/ André Hammel | 1103030007
Signature of Attorney/Party | Attorney Number

Andre Hammel
Printed Name

Andre.Hammel@Hamlawus.com
E-mail



Reset

**IN THE CIRCUIT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY**

**STEVEN MORRISON**
8918 Goldfield Place
Clinton, MD 20735
Plaintiff,

v. **CASE No.:** C-16-CV-26-003519

**BURLINGTON STORES, INC. OF MD**
8827 Woodyard Road
Clinton, MD 20735-2754
Defendant.

# COMPLAINT FOR NEGLIGENCE AND PREMISES LIABILITY

***COMES NOW***, Plaintiff, Steven Morrison, by and through undersigned counsel, Hammel Law, LLC, respectfully brings this Complaint against Defendant Burlington Stores, Inc. of MD, and states as follows:

## I. VENUE AND JURISDICTION

1. Steven Morrison (hereinafter referred to as "Plaintiff") is an adult resident of Prince George's County, Maryland.
2. Defendant Burlington Stores, Inc. of MD operates a retail location at 8827 Woodyard Road, Clinton, Maryland 20735.
3. The events giving rise to this action occurred at Defendant's Clinton, Maryland location on August 8, 2024.
4. Venue is proper in this Court because the cause of action arose in Prince George's County, Maryland.
5. Although Defendant's corporate headquarters are not located in Maryland, Defendant regularly conducts and operates business in this state, including at the Clinton, Maryland location at issue.
6. The incident occurred well within the applicable statute of limitations.

## II. PLAINTIFF'S BACKGROUND

7. Plaintiff incorporates by reference all preceding paragraphs.

8. Plaintiff Steven Morrison is a 79-year-old veteran of the United States Army, having served honorably during the Vietnam War from 1966 to 1968.
9. Following his military service, Mr. Morrison relocated to the Washington Metropolitan Area to pursue higher education and later built a successful career.
10. Mr. Morrison worked for the Washington Metropolitan Area Transit Authority (WMATA) for more than 32 years. During his final three years of service as a station manager, he trained and supervised staff, with particular emphasis on safety protocols, including ensuring proper warning signage and prompt remediation of hazardous conditions.
11. Mr. Morrison is cautious and deliberate in his daily activities, particularly when walking, because he is well aware that any major injury at his age could significantly impair his mobility and independence.

## III. FACTUAL ALLEGATIONS / BREACH OF DUTY

11. Plaintiff incorporates by reference all preceding paragraphs.
12. On August 8, 2024, Plaintiff entered Defendant's Clinton, Maryland store as a business invitee and customer.
13. Defendant, as the operator of a retail store open to the public, owed Plaintiff the highest duty of care to maintain its premises in a reasonably safe condition and to protect him against foreseeable hazards.
14. On that date, it was raining, creating a heightened risk of slippery conditions at store entrances.
15. Defendant failed to place adequate warning signage at or near the entrance to alert patrons of wet floors and failed to clean up the wet area.
16. Because of the weather, Defendant knew or should have known that water would collect near the entrance, requiring active monitoring and maintenance.
17. This was not an isolated or latent spill of liquid of which Defendant lacked notice; rather, the hazardous condition arose from the obvious and foreseeable tracking in of rainwater, requiring the placement of caution signs and prompt cleaning to protect customers.
18. Defendant further failed to properly staff the store. A verbal admission was made to Plaintiff that only two employees and a manager were working at the time of the incident, making it impossible to monitor and promptly address dangerous conditions.

19. As Plaintiff walked into the store, he slipped on pooled water near the entrance, fell forcefully, and struck his head on the floor.
20. Another customer witnessed Plaintiff's fall.
21. Following the incident, Defendant's employees acknowledged the understaffing and lack of signage.
22. Defendant's failure to clean the area, provide adequate staff, and warn customers of the hazard constituted a material breach of its duty of care.

## IV. NEGLIGENCE AND PREMISES LIABILITY

20. Plaintiff incorporates by reference all preceding paragraphs.
21. Defendant owed Plaintiff, as a business invitee, a duty to exercise reasonable care in the operation and maintenance of its premises.
22. Defendant breached that duty by:

    a. Failing to post proper warning signage despite foreseeable rainy-day hazards;

    b. Failing to clean the wet floor and ensure that the entrance area was safe and properly monitored;

    c. Operating the store while understaffed, thereby preventing prompt attention to dangerous conditions; and

    d. Failing to protect Plaintiff from a foreseeable and preventable harm.
23. Defendant's breach was the sole and proximate cause of Plaintiff's fall and resulting injuries. But for Defendant's negligence, Plaintiff would not have been injured.
24. As a direct result, Plaintiff sustained:

- A blunt head injury with loss of consciousness and post-traumatic headaches;
- A laceration to the right eyebrow requiring repair;
- Acute ligamentous injuries to his right hip and right knee;
- Acute muscular sprain of the right thigh; and
- Acute sprain of the right trapezius muscle.

25. Plaintiff was transported by ambulance to MedStar Southern Maryland Hospital Center where he underwent CT scans, treatment for lacerations, and evaluation for head trauma.
26. He was discharged with prescriptions for pain management and directed to follow up for continued care.

27. Plaintiff thereafter began physical therapy at MHC Healthcare, where he has undergone ongoing treatment for pain, mobility impairment, and post-traumatic headaches.
28. Plaintiff continues to suffer from pain, restricted movement, and diminished quality of life as a direct result of Defendant's negligence.

## V. DAMAGES

29. Plaintiff has sustained significant damages, including:
    a. Past and future medical expenses;
    b. Pain and suffering;
    c. Loss of enjoyment of life;
    d. Emotional distress;
    e. Loss of mobility and autonomy;
    f. Physical impairment and inconvenience; and
    g. Any other damages recoverable under Maryland law.
30. Plaintiff seeks relief in an amount in excess of $75,000.00, exclusive of costs and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven Morrison respectfully requests that this Honorable Court:

1. Enter judgment in his favor and against Defendant Burlington Stores, Inc. of MD in an amount exceeding $75,000.00**;**
2. Award costs, and pre-judgment and post-judgment interest as permitted by law;
3. Award Plaintiff his reasonable and necessary attorney's fees; and
4. Grant such other and further relief as justice and equity may require.

Respectfully submitted,

**HAMMEL LAW, LLC**

By: *André T. Hammel*______
André T. Hammel, Esq. | #1103030007 | Counsel for Plaintiff
9701 Apollo Drive, Suite 100
Largo, MD 20774
Tel: (240) 393-4935 | Fax: (240) 303-2638
Email: andre.hammel@hamlawus.com

**CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**
14735 Main Street, Upper Marlboro, Maryland, 20772
Circuit Court Clerks: 301-952-3318 Calendar Management: 301-952-3850

**To:** BURLINGTON STORES, INC. OF MD
8827 WOODYARD ROAD
CLINTON, MD 20735-2754

**Case Number:** **C-16-CV-26-003519**
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**STEVEN MORRISON VS. BURLINGTON STORES, INC. OF MD**

Issue Date: 06/09/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

STEVEN MORRISON
8918 Goldfield Place
Clinton MD 20735

This summons is effective for service only if served within 60 days after the date it is issued.

Mahasin El Amin #845
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

**Circuit Court for Prince George's County**

**STEVEN MORRISON vs. BURLINGTON STORES, INC. OF MD** **Case Number: C-16-CV-26-003519**

## SHERIFF'S RETURN
**(please print)**

To: BURLINGTON STORES, INC. OF MD

_______________________ ID# _____________ of the _______________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served _______________________
Name of person served

on _______________________ at _______________________
Date of service / Location of service

_______________________ by _______________________ with the following:
Manner of service

☐ Summons
☐ Complaint
☐ Motions
☐ Petition and Show Cause Order
☐ Other _______________________
Please specify
☐ Counter-Complaint
☐ Domestic Case Information Report
☐ Financial Statement
☐ Interrogatories

(2) Was unable to serve because:

☐ Moved left no forwarding address
☐ Address not in jurisdiction
☐ No such address
☐ Other _______________________
Please specify

Sheriff fee: $ ☐ waived by

_____________ _______________________
Date / Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

MARYLAND JUDICIARY

**CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**
14735 Main Street, Upper Marlboro, Maryland, 20772
Circuit Court Clerks: 301-952-3318 Calendar Management: 301-952-3850

**To:** BURLINGTON STORES, INC. OF MD
8827 WOODYARD ROAD
CLINTON, MD 20735-2754

**Case Number:** **C-16-CV-26-003519**
**Other Reference Number(s):**
**Child Support Enforcement Number:**

**STEVEN MORRISON VS. BURLINGTON STORES, INC. OF MD**

Issue Date: 06/09/2026

## WRIT OF SUMMONS

You are summoned to file a written response by pleading or motion, within 30 days after service of this summons upon you, in this court, to the attached complaint filed by:

STEVEN MORRISON
8918 Goldfield Place
Clinton MD 20735

This summons is effective for service only if served within 60 days after the date it is issued.

Mahasin El Amin #845
Clerk of the Circuit Court

To the person summoned:
Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.
Personal attendance in court on the day named is NOT required.
It is your responsibility to ensure that the court has your current and correct mailing address in order to receive subsequent filings and notice in this case.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

## SHERIFF'S RETURN
**(please print)**

To: BURLINGTON STORES, INC. OF MD

________________________ ID# ____________ of the ________________________
Serving Sheriff's Name

County Sheriff's office present to the court that I:

(1) Served ________________________________________
Name of person served

on ________________________ at ________________________________
Date of service / Location of service

________________________ by ________________________ with the following:
Manner of service

- ☐ Summons
- ☐ Complaint
- ☐ Motions
- ☐ Petition and Show Cause Order
- ☐ Other ________________________ Please specify
- ☐ Counter-Complaint
- ☐ Domestic Case Information Report
- ☐ Financial Statement
- ☐ Interrogatories

(2) Was unable to serve because:

- ☐ Moved left no forwarding address
- ☐ Address not in jurisdiction
- ☐ No such address
- ☐ Other ________________________ Please specify

Sheriff fee: $ ☐ waived by

____________ ________________________
Date Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

DEFENDANT'S EXHIBIT
1



E-FILED; Prince George's Circuit Court
Docket: 8/9/2026 10:51 AM; Submission: 8/9/2026 10:51 AM
Envelope: 27724524

**IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

| | | |
|---|---|---|
| | * | |
| STEVEN MORRISON | | |
| | * | |
| Plaintiff | | |
| | * | Case No.: C-16-CV-26-003519 |
| v. | | |
| | * | |
| BURLINGTON STORES, INC. OF MD | | |
| | * | |
| Defendant | | |
| | * | |

* * * * * * * * * * * *

**DEFENDANT BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S[1] ANSWER**

Defendant Burlington Coat Factory Warehouse Corporation, by its attorneys John T. Loughney, Julian A. Miller, and McAngus, Goudelock & Courie, respectfully submits this Answer to Plaintiff's Complaint, stating in support:

**GENERAL DENIAL**

Pursuant to Maryland Rule 2-323(d), Defendant generally denies all liability and all averments of fact contained within the Complaint, and each count therein, and demands strict proof thereof.

**FIRST DEFENSE**

The Complaint fails to state a claim against this Defendant upon which the relief requested may be granted.

**SECOND DEFENSE**

Defendant denies that it is liable to Plaintiff in any amount, for any cause whatsoever.

**THIRD DEFENSE**

Defendant denies that Plaintiff has been damaged in the amount and to the extent alleged.

[1] Plaintiff has improperly named Defendant as Burlington Stores, Inc. of MD. The proper legal entity name is Burlington Coat Factory Warehouse Corporation.

**FOURTH DEFENSE**

Defendant owed no legal duty to Plaintiff; or, if Defendant did owe a duty, that duty was not breached.

**FIFTH DEFENSE**

Plaintiff's injuries and damages, if any, were caused in whole or in part by individuals and/or entities over whom this Defendant had no control or right of control, and for whom Defendant is not responsible as a matter of law.

**SIXTH DEFENSE**

Plaintiff's injuries and damages, if any, were not proximately caused by any act or omission of the Defendant, but resulted from or were caused by intervening or superseding causes not attributed to this Defendant.

**SEVENTH DEFENSE**

To the extent supported by the evidence, Defendant will rely on the defenses of contributory negligence and/or assumption of risk.

**EIGHTH DEFENSE**

Plaintiff has failed to mitigate, minimize, and/or avoid the alleged injury and damages claimed.

**NINTH DEFENSE**

Any negligence on the part of this Defendant, which is denied, was not a proximate cause of Plaintiff's injuries and damages.

**OTHER DEFENSES**

Defendant reserves the right to assert any such other defenses which may be revealed by subsequent investigation and/or discovery, including: accord and satisfaction, merger, collateral

estoppel, duress, estoppel, fraud, illegality, laches, payment, release, res judicata, statute of frauds, statute of limitations, ultra vires, usury, waiver, privilege, total or partial immunity, improper jurisdiction, and improper venue. Defendant presently has insufficient knowledge of the Plaintiff's claims and allegations to form a belief as to whether it may have additional negative or affirmative defenses, and therefore asserts broadly all defenses lawfully available, and reserves the right to supplement this pleading at such a time as further facts justifying such defenses are made clear.

WHEREFORE, Defendant Burlington Coat Factory Warehouse Corporation prays that this Honorable Court dismiss this action with prejudice and award to the Defendant the costs and expenses incurred in defending this litigation.

**TRIAL BY JURY DEMANDED.**

**BURLINGTON COAT FACTORY WAREHOUSE CORPORATION**

By Counsel

*/s/ Julian A. Miller*

Julian A. Miller (AIS No. 2501131001)
John T. Loughney (AIS No. 1506160194)
McAngus, Goudelock & Courie
1925 Ballenger Ave, Ste. 560
Alexandria, VA 22314
Mail: PO Box 30307
Charlotte, NC 28230
Phone: (703) 822-4796
Fax: (703) 997-6274
julian.miller@mgclaw.com
john.loughney@mgclaw.com

DEFENDANT'S
EXHIBIT
1



**Certification of Compliance with Rule 20-201(h)**

I, Julian A. Miller certify that the foregoing submission does not contain any restricted or personally-identifying information.

Respectfully submitted,

*/s/ Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)

DEFENDANT'S
EXHIBIT
1



## Certificate of Service

I hereby certify that on this 9th day of August, 2026, I electronically filed and served the foregoing, causing notice to be sent to all parties via counsel of record.

*/s/ Julian A. Miller*
Julian A. Miller (AIS No. 2501131001)